1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

| | |
|---|---|
| VALERIYA SERGEYEVNA DMITRIEVA,<br><br>                    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                    Defendant. | NO:  12-CV-0551-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

14

15

16

17

18

19

20

BEFORE THE COURT are the parties' cross motions for summary

judgment (ECF Nos. 13, 14).  Plaintiff is represented by Rebecca M. Coufal.

Defendant is represented by Jeffrey R. McClain.  This matter was submitted for

consideration without oral argument.  The Court has reviewed the administrative

record and the parties' completed briefing and is fully informed.  For the reasons

discussed below, the Court grants Defendant's motion and denies Plaintiff's

motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

1  court "may not reverse an ALJ's decision on account of an error that is harmless."

2  *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

3  ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

4  The party appealing the ALJ's decision generally bears the burden of establishing

5  that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

6  FIVE-STEP SEQUENTIAL EVALUATION PROCESS

7  A claimant must satisfy two conditions to be considered "disabled" within

8  the meaning of the Social Security Act.  First, the claimant must be "unable to

9  engage in any substantial gainful activity by reason of any medically determinable

10  physical or mental impairment which can be expected to result in death or which

11  has lasted or can be expected to last for a continuous period of not less than twelve

12  months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

13  "of such severity that he is not only unable to do his previous work[,] but cannot,

14  considering his age, education, and work experience, engage in any other kind of

15  substantial gainful work which exists in the national economy."  42 U.S.C. §

16  1382c(a)(3)(B).

17  The Commissioner has established a five-step sequential analysis to

18  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

19  416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

20  activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

1   gainful activity," the Commissioner must find that the claimant is not disabled.  20

2   C.F.R. § 416.920(b).

3         If the claimant is not engaged in substantial gainful activities, the analysis

4   proceeds to step two.  At this step, the Commissioner considers the severity of the

5   claimant's impairment.  20 C.F.R. §416.920(a)(4)(ii).  If the claimant suffers from

6   "any impairment or combination of impairments which significantly limits [his or

7   her] physical or mental ability to do basic work activities," the analysis proceeds to

8   step three.  20 C.F.R. §416.920(c).  If the claimant's impairment does not satisfy

9   this severity threshold, however, the Commissioner must find that the claimant is

10  not disabled.  *Id.*

11        At step three, the Commissioner compares the claimant's impairment to

12  several impairments recognized by the Commissioner to be so severe as to

13  preclude a person from engaging in substantial gainful activity.  20 C.F.R.

14  §416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15  enumerated impairments, the Commissioner must find the claimant disabled and

16  award benefits.  20 C.F.R. § 416.920(d).

17        If the severity of the claimant's impairment does meet or exceed the severity

18  of the enumerated impairments, the Commissioner must pause to assess the

19  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20  defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. §

416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in

the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

capable of performing past relevant work, the Commissioner must find that the

claimant is not disabled.  20 C.F.R. §416.920(f).  If the claimant is incapable of

performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy.

20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

must also consider vocational factors such as the claimant's age, education and

work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §

416.920(g)(1).  If the claimant is not capable of adjusting to other work, the

analysis concludes with a finding that the claimant is disabled and is therefore

entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R. §

416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II disability insurance benefits and Title XVI

supplemental security income (SSI) on February 9, 2010, alleging an onset date of

April 21, 2009.  Tr. 122-134.  Her claims were denied initially and on

reconsideration.  Tr. 68-76.  Plaintiff filed a timely request for a hearing (Tr. 9-10)

and appeared at a hearing on December 16, 2010.  Tr. 35-63.  Plaintiff was

represented by counsel.

The ALJ concluded at step one that Plaintiff had not engaged in substantial

gainful activity since April 21, 2009.  Tr. 16.  At step two, the ALJ found that

Plaintiff had severe impairments consisting of right hand burn residuals, obesity,

and adjustment disorder with anxious mood.  Tr. 16.  At step three, the ALJ found

Plaintiff's severe impairments did not meet or medically equal the listings found in

20 C.F.R. Pt. 404, Subpt. P, App'x 1.  Tr. 17.  The ALJ found that Plaintiff had the

residual functional capacity to perform a range of light work as defined in 20

C.F.R. 404.1567(b) and 416.967(b), and limited to performing no less than semi-

skilled tasks (equivalent to an SVP of 3 or 4).  Tr. 18-22.  At step four, the ALJ

concluded that Plaintiff was capable of performing past relevant work as a

1  housekeeper/cleaner, production assembler, and food assembler; and denied her

2  claims on that basis.  Tr. 22.

3      The Appeals Council denied Plaintiff's request for review on September 19,

4  2012, making the ALJ's decision the Commissioner's final decision for purposes

5  of judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

6                                    ISSUES

7      Plaintiff, Valeriya S. Dmitrieva, seeks judicial review of the Commissioner's

8  final decision denying her Title II disability insurance benefits and Title XVI

9  supplemental security income.  Plaintiff  raises three issues for review:

10      1.  Did the  ALJ make proper findings regarding Plaintiff's pain and

11          credibility?

12      2.  Did the ALJ properly find Plaintiff's alleged migraine headaches were

13          not severe at step two?

14      3.  Did the ALJ properly develop the record?

15                                  DISCUSSION

16  **A. The ALJ's Adverse Credibility Finding**

17      In social security proceedings, a claimant must prove the existence of

18  physical or mental impairment with "medical evidence consisting of signs,

19  symptoms, and laboratory findings."  20 C.F.R. § 404.1508.  A claimant's

20  statements about his or her symptoms alone will not suffice.  20 C.F.R. §§

404.1508; 404.1527.  Once an impairment has been proven to exist, the claimant

need not offer further medical evidence to substantiate the alleged severity of his or

her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

As long as the impairment "could reasonably be expected to produce [the]

symptoms," 20 C.F.R. § 404.1529(b), the claimant may offer a subjective

evaluation as to the severity of the impairment.  *Id.*  This rule recognizes that the

severity of a claimant's symptoms "cannot be objectively verified or measured."

*Id.* at 347 (quotation and citation omitted).

        In the event that an ALJ finds the claimant's subjective assessment

unreliable, however, "the ALJ must make a credibility determination with findings

sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958

(9th Cir. 2002).  In making such a determination, the ALJ may consider, *inter alia*:

(1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's

testimony or between his testimony and his conduct; (3) the claimant's daily living

activities; (4) the claimant's work record; and (5) testimony from physicians or

third parties concerning the nature, severity, and effect of the claimant's condition.

*Id.*  The ALJ may also consider a claimant's "unexplained or inadequately

explained failure to seek treatment or to follow a prescribed course of treatment."

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  If there is no evidence

1  of malingering, the ALJ's reasons for discrediting the claimant's testimony must

2  be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th

3  Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify

4  the testimony she or he finds not to be credible and must explain what evidence

5  undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.

6  2001).

7          As an initial matter, the ALJ identifies evidence in the record indicating that

8  Plaintiff "was in fact malingering."  Tr. 20, 461-62.  Dr. Deborah Brown made a

9  rule-out diagnosis of malingering, likely based on her conclusion that Plaintiff

10  "exaggerated her psychological condition reporting visual hallucinations which are

11  highly unlikely in an individual who actually experiences hallucinations."  Tr. 462.

12  Further, Dr. Brown found that Plaintiff "can work" in spite of her alleged

13  impairments and she "does not take any psychotropic medication and they

14  wouldn't help her anyway."  *Id*.  In her briefing, Plaintiff appears to concede that

15  this diagnosis was made.  ECF No. 13 at 8-9.  However, she makes no argument as

16  to why the ALJ would still be required to provide clear and convincing reasons for

17  discrediting her testimony, [1]  and fails to specifically challenge any of the reasons

18

19  _____

   [1] After acknowledging Dr. Brown's rule out diagnosis of malingering, Plaintiff

20  refers to no showing that "Fulton" was malingering. ECF No. 13 at 12.  The Court

1  the ALJ gave for not finding the Plaintiff credible. ECF No. 13 at 8-12.  The Court

2  may decline to further address this issue which was not argued with specificity in

3  Plaintiff's briefing.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

4  1161 n.2 (9th Cir. 2008).  Nonetheless, the Court will briefly address Plaintiff's

5  broad contention that the ALJ failed to properly consider her pain and credibility.

6          Contrary to Plaintiff's assertion, the ALJ did provide specific, clear and

7  convincing reasons for finding Plaintiff's testimony "not credible to the extend

8  they are inconsistent with" the residual functional capacity assessment."  Tr. 19.

9  First, the ALJ found that while Plaintiff's use of her right hand was "limited," she

10 "was able to make improvements to her range of motion and grip strength, thus

11 improving overall functionality, through physical therapy." Tr. 19-20, 279-80, 445,

12 448, 450.  However, there are no further medical records indicating that Plaintiff

13 attended physical therapy, which may "cast doubt" on the credibility of her pain

14 testimony.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(failure to seek

15 treatment, or follow prescribed course of treatment, with no reason given for not

16 doing so, can be a reason to discredit credibility of pain testimony); *see also Parra*

17

18 _____

19 will disregard this statement as it appears to be inadvertently copied from a

20 different client's brief.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    *v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007)("conservative treatment" may

2    discount testimony regarding the severity of an impairment).

3         Second, the ALJ found evidence that Plaintiff may have stopped working for

4    reasons unrelated to her disability. Tr. 20.  Plaintiff testified that she quit her last

5    job due, at least in part, to dissatisfaction with long hours.  *Id*.; Tr. 47. Prior to that,

6    the record shows that Plaintiff was employed in "industrial work" for three years

7    before being laid off. Tr. 462.  The ALJ may reasonably draw an adverse

8    inference from evidence that Plaintiff stopped working for reasons other than his

9    allegedly disabling medical condition.  *See Bruton v. Massanari*, 268 F.3d 824,

10   828 (9th Cir. 2001)(finding claimant not credible in part because he was laid off,

11   not because he was injured).

12        Third, as indicated above, the ALJ relied on the finding of Dr. Deborah

13   Brown, who diagnosed no psychological impairment at all and indicated that

14   Plaintiff was malingering.  Tr. 20.  Dr. Brown found that Plaintiff "exaggerated her

15   psychological condition reporting visual hallucinations which are highly unlikely

16   in an individual who actually experiences hallucinations."  Tr. 462; *see Tonapetyan*

17   *v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)( "tendency to exaggerate" is

18   specific and convincing reasons to discredit credibility).

19        Fourth, the ALJ found that Plaintiff's testimony regarding her subjective

20   complaints were not consistent with "the longitudinal medical record on the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1   whole." Tr. 21.  For example, in December 2010, Dr. Brown found that Plaintiff

2   had no more than mild restrictions in any category of cognitive or social function;

3   and noted Plaintiff's normal activities of daily living. Tr. 459-63.  Overall, the ALJ

4   found that while Plaintiff has complained of depressive symptoms and obesity,

5   very little evidence in the record suggests that Plaintiff's symptoms were actually

6   causing any functional limitations. Tr. 20-21.  It is proper for the ALJ to consider a

7   lack of medical evidence in a credibility analysis.  *Burch v. Barnhart*, 400 F.3d

8   676, 681 (9th Cir. 2005)("lack of medical evidence" can be "a factor" in

9   discrediting testimony, but "cannot form the sole basis").

10          For all of these reasons, and having thoroughly reviewed the record, the

11   Court concludes that the ALJ supported her adverse credibility findings with

12   specific, clear and convincing reasons which are supported by substantial evidence.

13   **B. Migraine Headaches Not Included as Severe Impairment at Step 2**

14          Plaintiff bears the burden to establish the existence of a severe impairment

15   or combination of impairments, which prevent her from performing substantial

16   gainful activity, and that the impairment or combination of impairments lasted for

17   at least twelve continuous months.  20 C.F.R. §§ 404.1505, 404.1512; 416.905,

18   416.912;  *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).  An

19   impairment, to be considered severe, must significantly limit an individual's ability

20   to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c);  *Smolen v.*

*Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment(s) that is "not severe" must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. SSR 96-3P, 1996 WL 374181. Basic work activities include "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 404.1521(b).

A physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). As indicated in the previous section, an impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and "under no circumstances may the existence of an impairment be established on the basis of symptoms alone." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005)(citing SSR 96-4p, 1996 WL 374187 (July 2, 1996))(defining "symptoms" as an "individuals own perception or description of the impact of" the impairment).

Plaintiff contends that the ALJ erred in not finding her migraine headaches were a severe impairment at step two. ECF No. 13 at 14. Defendant responds that Plaintiff did not carry her burden to establish that the headaches were severe based on medically acceptable clinical or laboratory findings. ECF No. 14 at 5. After an

exhaustive review of the record, the Court agrees with Defendant.  There are multiple notations by several doctors noting Plaintiff's subjective complaints about her headaches, but the Court was unable to find a diagnosis based on medically acceptable clinical or laboratory findings.  *See* Tr. 261, 263-64, 347, 355, 357, 386, 417, 443, 465, 467, 473 (sometimes noting "headaches" and at other time "migraine headaches").  Several of these medical records indicate that Plaintiff reported "occasional" headaches, but noted good response when treated with over the counter medication.  Tr. 261, 263, 467.  Arguably the only acceptable clinical or laboratory finding, an MRI conducted in 2010, found no abnormalities and indicated the exam was unremarkable.  Tr. 443.  Moreover, the Court identified multiple treatment records that specifically noted "no headache" under reported symptoms.  Tr. 285, 329, 429.

Plaintiff also highlights testimony by Plaintiff and her mother describing her headaches "in a manner comporting with migraine headaches" that prevented Plaintiff from functioning several days out of the month.  ECF No. 13 at 14 (citing Tr. 45, 57).  However, as indicated above, the ALJ properly held that these subjective complaints were not consistent with the longitudinal medical record on the whole, and found that spending two to three days in bed due to a headache is not reflected in the treatment records.  Tr. 21.

1    The Court recognizes that the step two inquiry is only a *de minimus*

2  screening device intended to dispose of groundless claims.  *See Edlund*, 253 F.3d

3  at 1158.   However, none of Plaintiff's medical records included a finding of

4  impairment, diagnosis, or objective results regarding her complaints of migraine

5  headaches.  Thus, Plaintiff failed to meet her burden to establish that her headaches

6  were "severe," and the ALJ did not commit legal error in declining to include

7  migraine headaches as a severe impairment at step two of the process.

8  **C. Development of the Record**

9    In the context of the arguments asserted above, Plaintiff appears to contend

10  that the ALJ should have called a medical expert to testify as to the severity of

11  Plaintiff's migraine headache, and the possibility of pain reported from the old

12  burn to her hand. ECF No. 13 at 16.  Once again, the Court may decline to further

13  address this issue because it was not argued with specificity in Plaintiff's briefing.

14  *See Carmickle*, 533 F.3d at 1161 n.2.  Moreover, as correctly identified by

15  Defendant, "[a]n ALJ's duty to develop the record further is triggered only when

16  there is ambiguous evidence or when the record is inadequate to allow for proper

17  evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir.

18  2001).  The record before the Court was neither ambiguous nor inadequate to allow

19  for proper evaluation of the evidence.  Thus, the ALJ was not required to further

20  develop the record by calling a medical expert.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 14, is

    **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** June 13, 2013.



                        THOMAS O. RICE
                    United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16